UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  | | Civil Action No. |
|---|---|---|
| ELIZABETH ANNOBIL, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| WORCESTER SKILLED CARE | ) | |
| CENTER, INC.,  PATRICIA | ) | |
| KENNEDY, DON,  SUSAN  M. | ) | |
| CASEY, DENISE ZUFFANTE, and | ) | |
| JANE DOE(s), "MJ", DEBBIE, TINA, | ) | |
|  and JOHN DOE(s), JOEL, WINGATE | ) | |
| HEALTH CARE SERVICES, INC., et al. | ) | |
|     Defendants, | ) | |

## **PARTIES**

1.  The Plaintiff is Elizabeth Annobil, (hereinafter, "plaintiff"), a resident of the

Commonwealth of Massachusetts with a mailing address of 21 Heywood Street,

Worcester, Massachusetts, 01609.


2.  The Defendant is Worcester Skilled Care Center, Inc. a/k/a Nuero-

Rehabilitation Center at Worcester, (hereinafter, WSN), is a corporation duly organized

under the laws of the Commonwealth of Massachusetts with a principal place of business

located at 63 Kendrick Street, Needham, Massachusetts  02494, and , a mailing address of 59

Acton Street, Worcester, MA 01604.


3.  The Defendant, Wingate Healthcare Services, Inc., is an corporate entity

organized under the laws of the Commonwealth of Massachusetts, with a principal place

of business located at 63 Kendrick Street, Needham, Massachusetts  02494, and with a

mailing address of 59 Acton Street, Worcester, MA 01604.

4.  The Defendant, Patricia Kennedy, (Defendant, Kennedy), is an employee and the Director of Nursing at WSN, with a mailing address of 59 Acton Street, Worcester, MA 01604.

5. The Defendant, Susan M. Casey, LPN, (Defendant, Casey), is an employee of Defendant WSN with a mailing address of 59 Acton Street, Worcester, MA 01604.

6.  The Defendant is Denise Zuefante, (Defendant, Zuefante) an employee and the Director of Human Resources at WSN, with a mailing address of 59 Acton Street, Worcester, MA 01604.

7.  The Defendants are unknown named Jane Does and John Does, including Debbie (Jane Doe), "MJ" (Jane Doe) and Tina (Jane Doe), employee(s) and/or agent(s) of Defendant WSN, with a mailing address of 59 Acton Street, Worcester, MA 01604.

## JURISDICTION

8.  Plaintiff asks the court to exercise federal question jurisdiction under 28 U.S.C. 1331, and pendant jurisdiction under 42 U.S.C. 1441(c), and 28 U.S.C.1367.

## STATEMENT OF FACTS

9.  At all times relevant to the complaint, Elizabeth Annobil was employed full

time by WSN as a Certified Nurse Aide (CNA) at WSN, from on or about March 23,

2003 to July 7, 2008, at WSN's long term care facility located at 59 Acton Street,

Worcester, MA 01604.

10.   Federal law regulates certain State requirements for Long Term Care

Facilities to employ trained, evaluated and competent Certified Nurse Aides. (42 U.S.C.

s.1919(e)(2), 42 CFR 483.156(c](1)(iv))

11.   At the time of the allegations against her, plaintiff was a pregnant female

employee and a member of a legally protected class of persons and she gave her

employer notice of her pregnancy and her anticipated date of departure and intent to

return, certain requested accommodations, as well as her intent to exercise her FMLA

rights to 12 weeks unpaid leave, as she had in the past.

12.   On or about July 5, 2008, plaintiff was pregnant and was experiencing

extreme fatigue and nausea during her work shift and discussed that she would need

intermitted reasonable accommodation for her condition and she was told to "go home"

by her supervisor if she could not work because she was pregnant, and she stayed and

finished her shift.

13.   According to the first written investigative report by WSN, a July 7, 2008,

incident report, the staff person in charge of the facility on July 5, 2008, was Defendant,

John Doe (Joel).

14.  At all relevant times to the complaint, plaintiff claims she was suspended from work on July 7, 2008, prior to an investigation for alleged resident abuse on July 5, 2008, and was terminated based upon the unfounded allegation made against her and was walked out of the facility by employees of WSN and never returned to work.

15.  Based upon information and belief, plaintiff's family health care insurance coverage through her employer sponsored plan was terminated on or about July 8, 2008, while she was pregnant and she was not fairly notified or afforded any COBRA rights, grievance hearing or appeal rights afforded to other employees under the circumstances, after she requested them.

16.  Plaintiff had no such prior infractions or accusations in her past record as a CNA, and no physician records were produced where there was a reasonable cause to believe a resident has been abused. (see, M.G.L.A. c.111 s.72G, 105 C.M.R. 155.000)

17.  Plaintiff was summarily and wrongfully terminated from her employment as a CNA on or about July 7, 2008, after being falsely accused of mistreating or abusing a resident at WSN on July 5, 2008, at lunchtime by Ruth Lashore, another resident's mother, who was a long term daily visitor at WSN.

18. WSN's Witness Statement Form used by defendants in their investigation does not state the time of the witness interviews but states that Defendant Casey first

received notice of alleged  resident abuse at 11:50 a.m., on July 7, 2008, and later that

day, the witness pointed out plaintiff as the perpetrator. Defendant Casey's, July 7, 2008,

report accuses plaintiff of hitting the resident's arm twice while feeding her in her room,

a fact which was provably false at the time it served as the basis for plaintiff's immediate

suspension and termination. No investigation was conducted by Joel and he was

apparently never interviewed.


19.  Defendant Casey interviewed plaintiff on July 7, 2008, concerning the

allegations and took plaintiff's statement, in which she emphatically denied the

allegations and urged Defendant Casey to check WSN facility policies and procedures,

medical and nursing records, past false/inaccurate reports by Ms. Lashore, and the facts

concerning the location of the resident's lunch feeding that day because plaintiff did not

feed the resident in her room as alleged or abuse any patient at any time.


20.  WSN Director of Nursing, Defendant Kennedy's, first investigative

conversation(s) took place on July 8, 2008, where she interviewed Ruth Lashore, a who

reported that she witnessed the alleged event from outside the resident's room in the

hallway while the nurse she was feeding her lunch on July 5, 2008.


21.  Defendant Kennedy, DON, interviewed plaintiff on or about July 8, 2008,

about the incident and her final report that plaintiff "had no explanation for her actions",

is objectively false and defamatory.

22.   There were no marks or injuries to the resident's hands, wrists or arms or any other evidence of abuse of any kind.

23.   No other person saw or heard this alleged abuse on July 5, 2008, of the resident, the witness gave conflicting stories to Defendant Carey,  Defendant Kennedy and Ms. Pingatore of the DPH, and there is no other objective evidence of abuse.

24.   Plaintiff gave care to the witness Ruth LaShore's daughter who was also a resident.

25.   The resident, who is allegedly the victim of patient abuse, is unable to communicate in any way and certainly unable to communicate the non-occurrence of this incident as reported by Ms. Lashore. (hereinafter, "the resident")

26.   Plaintiff argued to Defendants WSN,  Casey and Kennedy that she was being discriminated against because of her pregnancy and was being falsely and recklessly accused of patient/resident abuse, which is prohibited by federal law and state law and could constitute the crime of assault and battery.

27.   On November 3, 2008, complainant gave birth to her son.

28.  Defendant Kennedy reported on July 11, 2008, that plaintiff  "had no explanation for her actions", but gave an inconsistent story to her by telephone on July 7,

2008,…"changing her answers several times", Defendant Kennedy's misrepresentations, unfair investigation and violation of internal company policies, is substantial evidence of defendants pretext and discriminatory animus in connection with plaintiff's termination from employment.

29.   The claim of abuse was supported by Defendant Kennedy and she fired plaintiff by telephone on July 8, 2008. Defendant Kennedy stated that she trusted the witness more than her and that she was reporting this incident of abuse to the DPH and Boston and you will hear from them. Requests for an appeal or grievance by plaintiff were denied as "she was no longer an employee".

30.   Plaintiff did not abuse any patient and did not violate WSN's policies or rules in any way and was maliciously, recklessly, and unlawfully deemed responsible for abuse of a resident which warranted immediate termination with deliberate indifference to her state and federal protected rights against sex discrimination and pregnancy discrimination.

31.   Plaintiff states the investigation by defendants was deliberately inaccurate and egregiously incomplete prior to terminating plaintiff, and was fundamentally unfair, deficient, reckless, discriminatory, defamatory and carried out in knowing violation of uniformly enforced rules of WSN and state and federal law concerning certain health care employee standards of conduct and plaintiff's state and federal employment rights.

32.   Plaintiff's due process rights as an employee under the WSN employee handbook were violated by defendants in their conduct of terminating plaintiff and affording her no due process to reasonably confront her accusers and their evidence in the face of objective counterveiling evidence.

33.   At all times relevant to this complaint, Massachusetts laws and regulations specifically provide that all instance s of resident abuse be reported to the DPH within 48 hours, where there is reasonable cause to believe the resident has been abused. These laws are federally mandated and may have been violated by WSN in this case which would be further evidence of pretext.

34.   In July 2008, plaintiff filed for unemployment insurance benefits with the Department of Workforce Development, [No. 503164], which was challenged by WSN and Defendant Kennedy on December 1, 2008, at hearing, on the ground that there was a substantiated allegation of abuse. Defendant Kennedy testified that she substantiated the allegation of abuse based upon the exact same false and uninvestigated information knowingly used against her in her discriminatory termination from employment.

35.   On December 20, 2008, the Division of Unemployment Assistance [No. 503164], decision was rendered in plaintiff's favor, the employer having failed to present any credible evidence that she had lied and no credible evidence of resident abuse was presented as a reason for her termination.(see, M.G.L.A. c.151A s.25(e)(2)). Complainant avers this action by her employer constitutes employment retaliation under state and

federal law, including but not limited to state and federal pregnancy discrimination laws, and the FMLA. (see, M.G.L.A. c.149 s.105 ).

35.  Defendant Zuefante and WSN knew that plaintiff was an covered employer under M.G.L.A. c.151A s.2, and was pregnant at the time of her termination from employment and from her employer sponsored health care plan and other employee benefits.

36.  As a result of her termination, Complainant suffered lost wages, lost interest on loan debt paid and the value in certain employee benefits including Group Life Insurance and Continental Wingate Investment Plan, emotional distress damages, defamation and/or special damages, professional business damagers and was unable to obtain employment in her field of work for a period of time.

37.  Ms Elizabeth Pingatore of the Massachusetts Department of Public Health (DPH)  interviewed the alleged eye witness on May 27, 2009, and the nurses involved and reviewed medical records and formulated a DPH report of the incident. The DPH report  notes that the date the complaint/investigation was received by the DPH Investigator was May 20, 2009, almost one year later.

38.  The May 2009, DPH report states that Ms. Lashore said she clearly remembers the CNA "slapped the resident's leg". Ms. Lashore could not remember CNA's name or describe her. The DPH report concluded that the validity of the action

could not be determined. Plaintiff has never received a state investigated finding of abuse against her.

40.   Plaintiff filed a charge of discrimination against the defendant with the Equal Employment Opportunity Commission (EEOC) and with the Massachusetts Commission Against Discrimination (MCAD), thus pursuing administrative remedies under Federal and State law pursuant to Title VII of the Federal Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. (2000) (Title VII), and G. L. c. 151B. (EEOC No. 16C-2009-01395; MCAD No. 09SEM01073)

**COUNT I**
**(Violation of Title VII , 42 U.S.C. s.2000e-2(a): 2000e(k);**
**Federal Pregnancy Discrimination Act)**

41.   Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 40  as if set forth herein.

42.   At the time of her termination, plaintiff was a member of a legally protected class and qualified to perform the essential functions of her job with or without accommodation and she was terminated because she was pregnant and sought to exercise her maternity leave rights under federal law.

43.   The Federal Pregnancy Discrimination Act prohibits any actions of an employer that adversely affect an employee because of her pregnancy, childbirth or the requirement of a maternity leave. 42 U.S.C. s.2000e(k), Title VII , 42 U.S.C. s.2000e-2(a),

44.  Plaintiff was regarded as disabled by defendants and had requested reasonable accommodation on July 5, 2008, where she was suffering severe nausea and fatigue  because of her pregnancy condition for most of her shift that day, and other recent days, and discussed the complications in her pregnancy and the matter of accommodation with her supervisors and her anticipated dates of departure for maternity leave and her intent to return to work, her FMLA rights which gave her additional time to accommodate her disability and needed reasonable accommodation of her specific symptoms of pregnancy. (see, 42 U.S.C. s.12102(2)), 151B s.1(17))

45.  Plaintiff had been bedridden after surgery with complications from her 2007, pregnancy and had FMLA leave.

46.  Defendants denied plaintiff the right to work during her pregnancy when she was physically able to perform her job with reasonable accommodations and planned maternity leave. WSN's adverse job actions against plaintiff, such as misrepresentations, failing to investigate, taking disciplinary action against plaintiff in violation of her employee rights and discharging her were discriminatory acts in violation of 42 U.S.C. s.2000e(k). WSN's  alleged legitimate non-discriminatory reason for termination from employment is in fact, not legitimate, and is pretext for plaintiff's discriminatory termination.

47.  Plaintiff was pregnant when she was terminated and could perform the job

adequately and her employer took adverse action against her and treated her differently than it treated other non-pregnant employees who had similar ability. The severity of the punishment coupled with the failure to fairly investigate renders defendants' conduct extreme and outrageous, with deliberate indifference to plaintiff's constitutional and federally protected rights.

WHEREFORE, plaintiff demands judgment against defendants for violation of the federal pregnancy discrimination laws, 42 U.S.C. s.2000e(k), Title VII , 42 U.S.C. s.2000e-2(a),  and seeks all statutory damages, compensatory damages, back pay, front pay, pecuniary damages, lost earning capacity, emotional distress damages, lost employee benefits damages, punitive damages, attorneys fees and costs of the litigation, and any such other relief and damages as the court may deem just and proper.

## COUNT II
### (Violation of M.G.L.A. c.149 s.105D MMLA)

48.  Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 47 as if set forth herein.

49.  Plaintiff avers that her termination on July 7, 2008, violated her rights to 8 weeks unpaid maternity leave to give birth to her child. Plaintiff provided WSN adequate notice of her anticipated date of departure and her intent to return to work after her pregnancy and she was not in her initial employment probationary period.(see, M.G.L.A. c.149 s.105D, MMLA, 804 CMR 3.01(8)(b).

WHEREFORE, plaintiff demands judgment against defendants for violation of M.G.L.A. c.149 s105D, and seeks all statutory damages, compensatory damages, back pay, front pay, pecuniary damages, lost earning capacity, emotional distress damages, lost employee benefits damages, punitive damages, attorneys fees and costs of the litigation, and any such other relief and damages as the court may deem just and proper.

## COUNT III
### (Violation of 29 U.S.C. 2601, et seq, Family Medical Leave Act)

50.  Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 49, as if set forth herein.

51.  Defendant had greater than 50 workers within 75 miles of plaintiff's worksite.

52.  29 U.S.C. 2601, et seq, the FMLA requires covered employers to provide up to twelve weeks of unpaid leave to eligible employees at the birth of her child. Under the law, the employer must continue to provide health insurance on the same basis as before the leave began. At the time of termination, Ms. Annobil was close to the time where she would be unable to work because of her serious health condition which arose from her pregnancy such as fatigue, nausea, dizziness and other severe symptoms.

53.  Plaintiff sues defendant employer for violation of it's terms and policies regarding FMLA and pregnancy leave and for retaliation for her prospective exercise of her FMLA and/or pregnancy leave. Violation of 29  U.S.C. A. s. 2615(a)(1))

54.  Plaintiff had discussed with defendants about  excising her FMLA rights to twelve weeks of unpaid medical leave due to the complications and serious health and medical conditions caused by her pregnancy. On July 5, 2011, plaintiff's pregnancy condition and her related symptoms was a period of incapacity due to pregnancy. (see, 29 CFR s.825.114(a)(2)(ii))  Defendants WSN's  alleged non-discriminatory reason for termination from employment is pretext for discriminatory action.


WHEREFORE, plaintiff demands judgment against defendants for violation of 29 U.S.C. s.2601, et seq., the Family Medical Leave Act, and seeks all statutory damages, compensatory damages, back pay, front pay, pecuniary damages, lost earning capacity, emotional distress damages, lost employee benefits damages, punitive damages, attorneys fees and costs of the litigation, and any such other relief and damages as the court may deem just and proper.


## COUNT IV
### (Disparate Treatment and Disparate Impact)

55.  Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through  54 as if set forth herein.


56.  Plaintiff was a member of a protected group and performed her job at an acceptable level and suffered termination and her employer sought a replacement with another CNA of similar qualifications and her termination occurred in circumstances that would raise the reasonable inference of discrimination.(42 U.S.C. s.2000e-2(a)(1))

57.  WSN and defendants treated plaintiff less favorably than others because of her protected class with discriminatory animus, which played a role in the decision making process and had a determinative effect on the outcome which directly caused plaintiff to suffer damages.

58.  WSN's  alleged non-discriminatory reason for termination from employment is pretext for discriminatory action. Defendant purposely took adverse action against plaintiff because of her pregnancy, and that fact was taken into consideration in this adverse employment decision and the employer would not have taken such action in the absence of plaintiff's pregnancy under the circumstances.

WHEREFORE, plaintiff demands judgment against defendants for discrimination under federal disparate treatment and disparate impact law, and seeks all statutory damages, compensatory damages, back pay, front pay, pecuniary damages, lost earning capacity, emotional distress damages, lost employee benefits damages, punitive damages, attorneys fees and costs of the litigation, and any such other relief and damages as the court may deem just and proper.

**COUNT V**
**(Violation of  M.G.L.A. c.151B s.4)**

59.  Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through  58 as if set forth herein.

60.  M.G.L.A. c.151B s.4, generally, makes it unlawful for an employer to discriminate against any individual because of sex…..or conditions or privileges of employment unless based upon a bona fide occupational qualification.

61.  Plaintiff was a member of a protected group and performed her job at an acceptable level and suffered termination and her employer sought a replacement with another CNA of similar qualifications and her termination occurred in circumstances that would raise the reasonable inference of discrimination.(42 U.S.C. s.2000e-2(a)(1))

62.  Plaintiff alleges pregnancy discrimination under federal and state laws and defendants' alleged non-discriminatory reason(s) for termination from employment are pretext for discriminatory action and the true reason was prohibited discrimination and there is direct and indirect evidence that discrimination caused adverse employment decision.

63.  Plaintiff had a covered disability in that she was regarded as disabled by her employer and had a pregnancy related medical condition (nausea and fatigue) that rose to the level of substantial limitation of a major life activity.

64.  Additionally, plaintiff claims defendants' conduct in re-asserting uninvestigated and improperly investigated findings at the Division of Unemployment Assistance [No. 503164], hearing which was rendered in plaintiff's favor, the employer having failed to present any credible evidence that she had lied and no credible evidence

of resident abuse was presented as a reason for her termination constitutes, employment retaliation under state and federal law,

WHEREFORE, plaintiff demands judgment against defendants for violation of M.G.L.A. c.151B s.4 and M.G.L.A. c.151B et seq., and seeks all statutory damages, compensatory damages, back pay, front pay, pecuniary damages, lost earning capacity, emotional distress damages, lost employee benefits damages, punitive damages, attorneys fees and costs of the litigation, and any such other relief and damages as the court may deem just and proper.

## COUNT VI
## (Violation of  M.G.L.A. c.93 s.102(a))

65.  Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 64  as if set forth herein.

66.  The Massachusetts Equal Rights Act (MERA), M.G.L.A. c. 93, § 102 (a), inserted by St. 1989, c. 332, provides, in pertinent part: that:

> "*All persons* within the commonwealth, regardless of sex, race, color, creed or national origin, shall have, except as is otherwise provided or permitted by law, the same rights enjoyed by white male citizens, *to make and enforce contracts*, to inherit, purchase, to lease, sell, hold and convey real and personal property, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other"

67.  Plaintiff claims that defendants' discriminatory conduct prevented her from using a fair legal process to enforce contract rights in violation of M.G.L.A. c.93 s. 102

and s. 103.

68.   MERA encompassed those categories of individuals protected by Article I of the Massachusetts constitution, and the Equal Protection of the laws under the Fourteenth Amendment, which in this case focuses upon sex discrimination in the form of pregnancy discrimination.

WHEREFORE, plaintiff demands judgment against defendants for violation of M.G.L.A. c.93 s. 102 and s. 103, and seeks all statutory damages, compensatory damages, back pay, front pay, pecuniary damages, lost earning capacity, emotional distress damages, lost employee benefits damages, punitive damages, attorneys fees and costs of the litigation, and any such other relief and damages as the court may deem just and proper.

## COUNT VII
### (Violation of M.G.L.A. c.12 s. 11I and 11H)

69.   Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 68 as if set forth herein.

70.   The rights of this plaintiff as a female pregnant employee are protected by the Equal Protection Clause and Due Process Clause of the 14th Amendment to the United States Constitution and by Article I of the Massachusetts Declaration of Rights.

71.   It is a violation of federal law to abuse a nursing home resident. Defendants'

threats and actions of reporting and re-reporting a substantiated allegation of resident

abuse under the circumstances constitutes interference or attempted interference with

constitutionally protected rights to reproduction and to raise a family, plaintiff's

constitutional right to be free from false claims of criminal conduct, liberty rights and

federally protected pregnancy rights, by means of threats, intimidation and coercion

constitutes a violation of M.G.L.A. c.12 s.11I and 11H.


       WHEREFORE,  plaintiff demands judgment against defendants for violation of

M.G.L.A. c.12 s.11I and 11H, and to be compensated for resulting damages, including

but not limited to, damages to her professional reputation, statutory damages, punitive

damages, attorneys fees, costs of the action, emotional distress damages, negligently

inflicted emotional distress damages, loss of wages, loss of ability to earn income, and

other economic and non-economic damages.


### COUNT VIII
### (Violation of M.G.L.A c.151B and ADA)

72.  Plaintiff repeats and re-alleges the allegations contained in paragraphs 1

through   as if set forth herein.


73.  Plaintiff claims individually named defendants and Defendants Jane Doe(s)

and John Doe(s) for aiding, abetting, inciting, compelling or coercing plaintiff from doing

any of the acts forbidden by M.G.L.A.c.151B or attempting to do so.( see, 42 U.S.C.

s.10211, Americans With Disabilities Act;  M.G.L.A. c.151B s.4(4) and s. 4(5); 804

C.M.R. s3.01(4)(d)(1); M.G.L.A. c.151B 4(4A)

74. Plaintiff claims defendants engaged in conduct of intimidation, coercion and threats to interfere with complainant's protected rights, by persons who encouraged or assisted defendants' violations of law under M.G.L.A. c.151B 4(4), and/or aiding, abetting, inciting, compelling or coercing discriminatory acts or attempting to do so. (see, M.G.L.A. c.151B s.4(5); and, 804 C.M.R. s3.01(4)(d)(1))

76. Plaintiff was a qualified handicapped preganant employee of WSN, and the alleged non-discriminatory reason for termination from employment concerning reported resident abuse pretext for discriminatory action.

WHEREFORE, plaintiff demands judgment against defendants for violation of M.G.L.A. c.151B and the ADA, and seeks all statutory damages, compensatory damages, back pay, front pay, pecuniary damages, lost earning capacity, emotional distress damages, lost employee benefits damages, attorneys fees and costs of the litigation, and any such other relief and damages as the court may deem just and proper.

## COUNT IX
### (Defamation)

77. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 76 as if set forth herein.

78. On divers dates from July 7, 2008, to present, defendants have made false

statements of material fact, to wit," there was enough evidence to substantiate a report of

resident abuse by plaintiff", and on diverse dates orally and in writing made false

representations of material fact, with malice, recklessly, grossly negligently and

negligently when these facts were communicated to third parties.

79.  As the direct and proximate result of defendants' defamatory statements and

writings, plaintiff has been directly caused to suffer great monetary loss and emotional

distress.

WHEREFORE, plaintiff demands judgment against defendants for defamation

and seeks all statutory damages, compensatory damages, back pay, front pay, pecuniary

damages, lost earning capacity, emotional distress damages, lost employee benefits

damages, punitive damages, special damages,  attorneys fees and costs of the litigation,

and any such other relief and damages as the court may deem just and proper.

## COUNT X
### (Wrongful Termination)

80.  Plaintiff repeats and re-alleges the allegations contained in paragraphs 1

through 79 as if set forth herein.

81.  WSN and plaintiff had an employer employee relationship.

82.  Plaintiff was wrongfully terminated from her employment by defendants in

violation of her employment contract with WSN, and in violation of a clearly established

public policy concerning resident protection, and substantiation of allegations of abuse in the face of objective evidence to the contrary. Wherefore, Defendant's argues and demands judgment against defendants for wrongful termination under Massachusetts Law.

## COUNT XI
### (Violation of 29 U.S.C.  1161(a) COBRA Law)

83.  Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 82 as if set forth herein.

84.  Plaintiff was unlawfully terminated in July 2008, and her employer provided health insurance was immediately terminated without providing COBRA coverage rights in violation of 29 U.S.C. 1161(a).

85.  Defendant Zuffante terminated plaintiff from the employer sponsored health care plan without providing her with required notice and with knowledge of the medical insurance predicament plaintiff would be confronted with when terminated while pregnant and for an improper motive.

WHEREFORE, plaintiff demands judgment against WSN, and Defendants Wingate Health care Services, Inc., Denise Zuffante and other Jane Doe(s) and/or John Doe(s), the Health Care Plan Administrator for consequential damages, statutory damages, the substantial medical costs of her pregnancy which defendant intended to unlawfully avoid, emotional distress damages, punitive damages, attorneys fees, and the

costs of litigation.

REQUEST FOR JURY TRIAL

     Plaintiff requests a jury trial on all issues so triable under Fed. R. Civ. P. Rule 38.

                      Respectfully submitted,
                      Plaintiff, Elizabeth Annobil,
                      By her attorney,

                      /s/ David E. Ashworth
                      _____
                      David E. Ashworth, Esq.
                      11 Pleasant Street
                      Worcester, MA 01609
                      (508) 753 9199
                      BBO# 549850

## VERIFIED COMPLAINT

     I, Elizabeth Annobil, affirm that the above is true to the best of my knowledge, information and belief.  Signed under the pains and penalties of perjury this 7[h] day of July, 2011.

                      /s/Elizabeth Annobil
                      _____
                      Elizabeth Annobil, Complainant