UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:11-CV-40131-TSH

| | |
|---|---|
| ELIZABETH ANNOBIL, <br>     Plaintiff, | ) <br> ) <br> ) |
| v. | ) <br> ) <br> ) |
| WORCESTER SKILLED CARE CENTER, INC., PATRICIA KENNEDY, DENISE ZUFFANTE, WINGATE HEALTHCARE, INC. and SENIOR RESIDENTIAL CARE/ WORCESTER, INC. d/b/a NEUROREHABILITATION CENTER AT WORCESTER, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE TWO MEMORANDUM OF LAW BOTH IN EXCESS OF TWENTY (20) PAGES IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The Defendants, Worcester Skilled Care Center, Inc. Patricia Kennedy, Denise Zuffante, Wingate Healthcare, Inc. and Senior Residential Care/Worcester, Inc. d/b/a Neurorehabilitation Center at Worcester (the "Defendants"), by their attorney, Hutchings, Barsamian, Mandelcorn & Zeytoonian, LLP, respectfully respond in opposition to the Plaintiff's Motion for Leave of Court to File Memoranda in Excess of (20) Twenty Pages in Opposition to Defendants' Motion for Summary Judgment ("Motion for Leave"). As set forth below, the Defendants oppose Plaintiff's motion because (1) Plaintiff's reasons for seeking leave are inaccurate and do not warrant that leave be given, (2) in the interests of

fairness and (3) because of mootness, as Plaintiff has failed to timely file and serve her Opposition to the Defendants' Summary Judgment motion.

First, it is not truthful for Plaintiff's counsel to state that Plaintiff has assented to "numerous prior requests by Defendants for enlargements of time and memorandums in the litigation". The Defendants have not made any requests for enlargement of the length of any memoranda. Further, the only time Defendants requested extensions of time were because Plaintiff's attorney was late in moving to amend the Complaint or providing discovery prior to taking Plaintiff's scheduled deposition. This lateness by Plaintiff has been the case throughout this litigation, up to and including this motion, for which Plaintiff again filed on the very last day, after the close of business.

This is not the first time Plaintiff's counsel has made misrepresentations in his papers. A prior example was in his prior motion to enlarge the time filed on October 15, 2013 at 1:02 pm. Plaintiff's attorney certified that he had conferred with Defendants' counsel before filing the motion. Plaintiff's attorney had not conferred with Defendant's counsel at all before filing. In fact, Plaintiff's attorney called Defendants' counsel and left a voice mail message at 1:12 pm on October 15, 2013, *after* filing the motion and even stated in his voice message that he had already filed the motion.

Accordingly, the Court should not consider this purported reason for leave of Court because it is based on misrepresentations and inaccuracies by Plaintiff's attorney.

Second, contrary to Plaintiff's assertion, Defendants will suffer prejudice if this motion is allowed. Defendants were limited to 20 pages for their Memorandum of Law according to Local Rule 7.1(b)(4) and had to revise, shorten and cut some of the legal and factual details they would have included in order to comply with the page limitation.

2

Allowing Plaintiff to exceed the 20 page limit creates an unlevel playing field favoring the Plaintiff, especially since Plaintiff would be given that advantage after having had the opportunity to read the Defendants' Memorandum of Law and Motion for Summary Judgment, and then ask for more pages with which to respond. This is inherently unfair and does prejudice the Defendants. Further, Defendants consented to allow Plaintiff an additional two weeks per Order of this Court until October 28, 2013, to file and serve his opposition to the summary judgment, giving Plaintiff more time to edit, revise and comply with the 20 page limitation.

Plaintiff has not offered any substantive reason why leave is needed. The materials referenced and the legal issues were the same for the Defendants as they are for the Plaintiff. As for any alleged contradicted facts, Plaintiff had the opportunity (through her attorney) to put forth her version of the facts and oppose Defendants' representations in Plaintiff's statements of contested facts and should not have to rely on the extra length of her Memorandum of Law to do so.

Accordingly, as the reasons offered by Plaintiff are untruthful, incorrect and without basis, Plaintiff's Motion for Leave should be denied.

Moreover, Plaintiff's motion should be denied because it is untimely and essentially moot. Plaintiff has waited at her own peril until the last day for filing her Opposition to Defendants' Motion for Summary Judgment, this after already being given one extension – assented to by the Defendants - from October 14 to October 28, 2013, to file her Motion for Leave. However, Plaintiff has not filed her Opposition to Defendants' Motion for Summary Judgment in a timely manner as it was not filed on or before October 28, 2013 and has not yet been filed. Accordingly, it is respectfully submitted that Plaintiff should not be allowed

to file her Opposition to Defendants' Motion for Summary Judgment at all as it is untimely, which has rendered this Motion for Leave moot and irrelevant.

Therefore, it is respectfully submitted that Defendants' Motion for Summary Judgment should be granted as being unopposed and by default. Local Rule 7.1(b)(2) is very clear and should be strictly construed as to timeliness of serving and filing opposition: *A party opposing a motion, shall file an opposition to the motion within fourteen (14) days after the motion is served, unless (1) the motion is for summary judgment, in which case the opposition shall be filed within 21 days after the motion is served, or (2) another period is fixed by rule or statute, or by order of the court.* In this case, the opposition was originally due to be filed on October 14, 2013, 21 days after service. This Court then granted the motion of the Plaintiff, assented to by the Defendants, and ordered that the opposition was to be filed by October 28, 2013. That October 28, 2013 date has not been changed by statute or motion or order. Plaintiff has neither filed a motion seeking an additional extension of time to file her Opposition to the Motion for Summary Judgment, nor has Plaintiff offered any legal argument in support of staying or extending her time to file her Opposition. Accordingly, there is no basis for allowing the Plaintiff's opposition to be filed late and as such, Plaintiff should not be allowed to file her opposition to the Defendants' Motion for Summary Judgment as it is untimely, and Defendants' Motion for Summary Judgment should be granted. In the alternative, only the Defendants' motion papers should be considered by this Court in deciding the Motion for Summary Judgment.

In light of the above, it is respectfully submitted that Plaintiff's Motion for Leave should be denied, together with such other relief that the Court may deem just and proper.

Respectfully submitted,

Defendants Worcester Skilled Care Center, Inc., Patricia Kennedy, Denise Zuffante, Wingate Healthcare, Inc. and Senior Residential Care/Worcester, Inc. d/b/a Neurorehabilitation Center at Worcester
By their Attorneys,

/s/ Michael A. Zeytoonian

Michael A. Zeytoonian, B.B.O. #558383
mzeytoonian@hutchingsbarsamian.com
Hutchings, Barsamian, Mandelcorn & Zeytoonian, LLP
110 Cedar Street, Suite 250
Wellesley, MA 02481
(781) 431-2231

Dated: November 1, 2013

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document, Defendants' Opposition to Plaintiff's Motion for Leave of Court to File Memoranda in Excess of (20) Twenty Pages in Opposition to Defendants' Motion for Summary Judgment, was served upon David E. Ashworth, Esq., 11 Pleasant Street, Worcester, MA 01609, counsel of record for the Plaintiff, by virtue of the Court's electronic file system and by regular first class mail on November 1, 2013.

/s/ Michael A. Zeytoonian

Michael A. Zeytoonian

Respectfully submitted,

Defendants Worcester Skilled Care Center, Inc., Patricia Kennedy, Denise Zuffante, Wingate Healthcare, Inc. and Senior Residential Care/Worcester, Inc. d/b/a Neurorehabilitation Center at Worcester
By their Attorneys,

/s/ Michael A. Zeytoonian

Michael A. Zeytoonian, B.B.O. #558383
mzeytoonian@hutchingsbarsamian.com
Hutchings, Barsamian, Mandelcorn & Zeytoonian, LLP
110 Cedar Street, Suite 250
Wellesley, MA 02481
(781) 431-2231

Dated: November 1, 2013

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document, Defendants' Opposition to Plaintiff's Motion for Leave of Court to File Memoranda in Excess of (20) Twenty Pages in Opposition to Defendants' Motion for Summary Judgment, was served upon David E. Ashworth, Esq., 11 Pleasant Street, Worcester, MA 01609, counsel of record for the Plaintiff, by virtue of the Court's electronic file system and by regular first class mail on November 1, 2013.

/s/ Michael A. Zeytoonian

Michael A. Zeytoonian