UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ELIZABETH ANNOBIL, )<br>    Plaintiff, )<br> )<br>vs. )<br> )<br>WORCESTER SKILLED CARE CENTER, INC., )<br>PATRICIA KENNEDY, SUSAN M. CASEY, )<br>DENISE ZUFFANTE, JOEL STEVENS, )<br>WINGATE HEALTHCARE, INC., )<br>SENIOR RESDENTIAL CARE/WORCESTER, INC. )<br>d/b/a NUEROREHABILITATION CENTER AT )<br>WORCESTER, and CONTINENTAL ASSET )<br>MANAGEMENT, INC., )<br>    Defendants. )<br> ) | **CIVIL ACTION**<br>**NO. 11-40131-TSH** |

## MEMORANDUM OF DECISION
### December 29, 2014

**HILLMAN, D.J.**

### Background

Elizabeth Annobil ("Annobil" or Plaintiff") has filed an Amended Complaint asserting claims against Worcester Skilled Care Center, Inc. ("WSCC"), Patricia Kennedy ("Kennedy"), Susan M. Casey ("Casey"), Denise Zuffante ("Zuffante"), Joel Stevens ("Stevens"), Wingate Healthcare, Inc. ("Wingate"), Senior Residential Care/Worcester, Inc. d/b/a Nuerorehabilitation Center at Worcester ("Senior Care") and Continental Asset Management, Inc. ("Continental") alleging claims for: violation of Title VII, 42 U.S.C. § 2000e-2(a)(1), and

the Pregnancy Discrimination Act of 1978, 42 U.S.C. §2000e(k) ("PDA")(Count I), violation of the Massachusetts Maternity Leave Act, Mass.Gen.L. ch. 149, §105D ("MMLA") (Count II), violation of the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA") (Count III), violation of 42 U.S.C. §2000e-2(a)(1)(disparate treatment/disparate impact)(Count IV), violation of Mass.Gen. L. ch. 151B, §4 ("Chapter 151B")(Count V), violation of Mass.Gen.L. ch. 93, § 102(a)(Count VI), violation of Mass.Gen.L. ch. 12, §11I and 11H ("MCRA")(Count VII), violation of Mass.Gen.L. ch. 151B and the Americans with Disabilities Act, 42 U.S.C. §10211 ("ADA") (Count VIII), Defamation (Count IX), Wrongful Termination (Count X), violation of 29 U.S.C. §1161(a)("COBRA")(Count XI), and Intentional and Negligent Infliction of Emotional Distress (Count XII).

On September 10, 2014, the Court allowed Defendants' motions for summary judgment and judgment was entered in their favor that same date.[1] *See* Memorandum Of Decision (Docket No. 89)("Decision"); Judgment (Docket No. 90). On October 9, 2014, Annobil filed Plaintiff Elizabeth Annobil's Motion To To [sic.] Make Additional Findings and To Amend Judgment (Docket No. 95) and Plaintiff Elizabeth Annobil's Motion To To [sic.] Make Additional Findings and To Amend Judgment (Docket No. 96)[2].

---

[1] The Court allowed the following motions: Defendants' Patricia Kennedy's and Denise Zuffante's Motion for Summary Judgment (Docket No. 68) and Defendants' Worcester Skilled Care Center, Inc.'s, Wingate Healthcare Inc's and Senior Residential Care/Worcester, Inc's Motion For Summary Judgment (Docket No. 69). The parties had previously filed a stipulation of dismissal pursuant to which Stevens, Casey, Wingate and Continental were dismissed from the case. *See Stipulation of Dismissal* (Docket No. 66).

[2] Annobil has inexplicably given the motions the same title. The first motion, *i.e.,* Docket No. 95, which seeks relief pursuant to Fed.R.Civ 59(e), will hereafter be referred to as the "Rule 59(e) Motion." The second motion, *i.e.,* (Docket No. 96), which is filed pursuant to Fed.R.Civ.P. 60(b), will hereafter be referred to as the Rule 60(b) Motion.

**Discussion**

*Plaintiff's Rule 59(e) Motion*

Plaintiff seeks reconsideration of the judgment under Rule 59(e) on the grounds that summary judgment in favor of the Defendants was not warranted because there are genuine issues of material fact which are supported by admissible and competent evidence. She further requests that the Court reconsider it denial of her request pursuant to Fed.R.Civ. P. 56(d) to defer ruling on the motions for summary judgment until after further discovery is conducted.

Before addressing the merits of Plaintiff's Rule 59(e) Motion, the Court must first address Defendants' argument that the motion must be denied as untimely. Rule 59(e) provides that "[a] motion to alter or amend a judgment *must* be filed no later than 28 days after the entry of judgment." Fed.R.Civ.P. 59(e)(emphasis added). Judgment in this case was entered on September 10, 2014. Plaintiff filed her motion for reconsideration on October 9, 2014. Because Plaintiff's Rule 59(e) Motion was filed on the 29th day following the entry of judgment, the motion is untimely. The Court is without power to extend the deadline beyond the time provided in the rule. *See Grandoit v. Robinson*, C.A. No. 11–11404–JLT, 2013 WL 6488506 (D.Mass. Dec. 5, 2013)(given plain meaning of Rule 6(b)(2), court lacks discretion to extend the twenty-eight day deadline for filing a motion under Rule 59(e)). Accordingly, Plaintiff's Rule 59(e) Motion is denied as untimely.

*Plaintiff's Rule 60(b) Motion For Relief From Judgment*

" '[R]elief under Rule 60(b) is extraordinary in nature and that motions invoking that rule should be granted sparingly.' Thus, a party who seeks relief under the rule must establish, at the very least, 'that [her] motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, [she] has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted.'" *Rivera-Velazquez v. Hartford Steam Boiler Inspection & Ins. Co.*, 750 F.3d 1, 3-4

3

(1st Cir. 2014)(internal citations to quoted case omitted). Plaintiff purports to seek relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6), which allows courts to vacate a final judgment for any reason that justifies relief. Relief under Rule 60(b)(6)'s catchall provision is appropriate only when none of the Rule 60(b) subsections setting forth specific grounds for relief apply, *i.e.*: 60(b)(1) mistake, inadvertence, surprise or excusable neglect; 60(b)(2) newly discovered evidence; 60(b)(3)fraud; 60(b)(4) void judgment; or 60(b)(5) satisfaction, discharge of release from judgment. *Claremont Flock Corp. v. Alm*, 281 F.3d 297, 299 (1st Cir. 2002). Furthermore, "[d]istrict courts should grant Rule 60(b)(6) motions 'only where exceptional circumstances justifying extraordinary relief exist.'" *Paul Revere Variable Annuity Ins. Co. v. Zang*, 248 F.3d 1, 5 (1st Cir. 2001).

Plaintiff alleges that extraordinary relief is warranted in this case because the Court erred in refusing her request pursuant to Fed.R.Civ.P. 56(d) to defer ruling on Defendants summary judgment motions until she has had an opportunity to conduct further discovery.[3] She argues that her failure to pursue such discovery prior to the filing of dispositive motions is "excusable neglect" because the parties had an agreement that discoverable evidence would be produced and Defendants failed to do so. She further argues that the requested discovery was crucial to her case and would have supported her opposition to the summary judgment motions. In support, Plaintiff attaches the affidavit of her counsel which the Court noted in its prior Decision was not included with her initial Rule 56(d) request.[4]

---

[3] Although this motion is brought pursuant to Rule 60(b), on this issue, Plaintiff inexplicably cites the standard of review for a motion brought pursuant to Rule 59(e).

[4] Rule 56(d) provides that "[i]f a nonmovant shows by *affidavit or declaration that*, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed.R.Civ.P. 56(d)(emphasis added).

While purporting to move under Rule 60(b)(6), Plaintiff's arguments suggest that she is seeking to obtain relief pursuant to Rule 60(b)(1) on the grounds of excusable neglect. However, the facts and legal argument she proffers far fall short of establishing that she is entitled to the requested relief. On the contrary, her failure to seek to compel discovery prior to the filing of dispositive motions and her failure to include the required Rule 56(d) affidavit at the time of her initial request (for which she provides no justification) are attributable to her own inaction, or more specifically, to her counsel's inaction and do not constitute excusable neglect. Even if I were to apply Rule 60(b)(6), Plaintiff has not made a showing that extraordinary circumstances exist which would warrant vacating the entry of summary judgment and re-opening discovery.

As to the remainder of her motion, Plaintiff argues that there are genuine issues of material fact which preclude entry of summary judgment in the Defendants' favor. In support of her position, she simply repeats the arguments set forth in her opposition to the motions for summary judgment and/or makes new legal arguments. Additionally, as she did in her Rule 59(e) motion, she contests this Court's finding that the record evidence she cited in support of her factual assertions did not always support the "interpretation" she gave them. *See Decision*, at pp. 7-8 One particularly egregious example which I pointed out was the assertion contained in Plaintiff's material statement of undisputed facts that a certified nursing assistant helped her transfer JL[5] into the dining room and observed her feeding her. The exhibit she cited in support of this assertion did not support it. *See Id.* Plaintiff now contends that although she did not cite to it, record support for this assertion was included with her submissions. She now expects this Court to accept this asserted fact as undisputed and reconsider its decision to enter summary judgment against her.

---

[5] JL is a patient that Annobil allegedly slapped while feeing in her room. Annobil was ultimately terminated for this incident.

Essentially, Plaintiff is simply rehashing the arguments she made in her opposition to the motions for summary judgment and reiterating factual assertions (which now presumably cite to the appropriate record evidence) in support of her contention that there are genuine issues of material fact which preclude entry of summary judgment under Rule 56. To the extent that Annobil is arguing that the Court erred its application of the law, she is not entitled to relief because wrongly deciding a point of law is not a ground for relief under Rule 60(b)(1). *See Ahmed v. Rosenblatt*, 118 F.3d 886, 891 (1st Cir. 1997)(wrongly deciding law is not "mistake" for purposes of Rule 60(b)(1)). To the extent that Plaintiff is arguing that the Court should vacate its ruling so that it can consider facts which were supported by record evidence to which she failed to cite, the Court declines. Simply put, her failure to properly cite to record evidence to support her factual assertions is negligence, not excusable neglect. Plaintiff's request for relief also fails if the Court were to consider it under the catch-all provision, Rule 60(b)(6), since she has failed to establish (or even argue) that extraordinary circumstances exist which warrant relief.

## **Defendants' Request For Sanctions**

In their opposition to the Rule 59(e) and Rule 60(b) Motions, Defendants request sanctions as the result of time, resources and expenses which have been wasted because Plaintiff alleged baseless claims and because her submissions have included "rampant misrepresentations" of the record. Additionally, Defendants argue that in her Rule 59(e) and Rule 60(b) Motions, she restates and reaffirms many of the misstatements which the Court pointed out in her original pleadings and submissions opposing the summary judgment motions and fails to remotely address the standards of review applicable to the instant motions. Defendants request that they be awarded legal fees and costs expended to oppose Rule 59(e)

and Rule 60 Motions. The request for sanctions is unopposed.[6] However, Defendants have not provided any legal citation or argument supporting their request for sanctions. To the extent that are pursuing sanctions under Fed.R.Civ.P. 11(b), they are required to file a separate motion. *Id.* 11(c)(2). Accordingly, their request is denied.

### Conclusion

1. Plaintiff Elizabeth Annobil's Motion To To [sic] Make Additional Findings and To Amend Judgment (Docket No. 95) is ***denied***; and

2. Plaintiff Elizabeth Annobil's Motion To To [sic] Make Additional Findings and To Amend Judgment (Docket No. 96) is ***denied***.

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**

---

[6] Plaintiff sought leave to file a reply memorandum. More specifically, she sought to contradict Defendants' contention that her Rule 59(e) motion was untimely and to provide further legal argument with respect to specified legal and factual issues. That motion was denied because: (1) Plaintiff's Rule 59(e) Motion was untimely and the time cannot be extended, and (2) further legal argument from the Plaintiff was not warranted. Plaintiff did not request leave to file a reply to Defendants' request for sanctions.